UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON,<br><br>            Plaintiff,<br><br>     vs.<br><br>H. TATE, et al.,<br><br>            Defendants. | 1:12-cv-00056-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 11.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

## I.    BACKGROUND

Vincente Solomon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on January 12, 2012. (Doc. 1.)

On January 20, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on October 15, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On January 6, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 11.)

## II. SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff was incarcerated at California Correctional Institution in Tehachapi, California, at the time the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants CDCR employees Dr. P. Duong (dentist), T. Franco (R.D.A.), Dr. P. Pounds, Chief L. Zamora, Dr. W. Prewett, Dr. Dutry, Correctional Officer (C/O) Vickers, C/O Bergens, Dr. Nguyen, and D.A.R. Doctor ("Defendants"). Plaintiff's factual allegations follow.

On August 27, 2010, Dr. Bruitt, Dr. P. Duong, and R.D.A. T. Franco took x-rays of Plaintiff's mouth and gums. Plaintiff was told that he had a severe mouth infection and abscessed gums. Plaintiff spoke to R.D.A. Nurse Jane Doe who told Plaintiff, in front of his two escorting officers C/O Vickers and C/O Bergens, that for all mouth infections, the proper treatment is a dose of Penicillin or antibiotics, and then she left. T. Franco suggested to Dr. Bruitt and Dr. P. Duong that Plaintiff should not get any antibiotics or a root canal, because she heard Plaintiff is an a--hole, and the CDCR only extracts teeth and does not fix them. Plaintiff told Dr. Bruitt and Dr. P. Duong that he didn't want his teeth pulled out, and wanted to keep

them to chew his food.  This is when Plaintiff knew R.D.A. Franco, Dr. Bruitt, and Dr. P. Duong were intentionally violating the Eighth Amendment.  They all left and went into an office.  They came back five minutes later and told Plaintiff his teeth were rotten down to the roots and the infection was so bad it was going to cause all of Plaintiff's teeth to rot and cause permanent blindness.  Plaintiff asked when he could get antibiotics to kill the infection.[1]  Dr. Bruitt, Dr. P. Duong, and T. Franco said they were not going to give Plaintiff any antibiotics to kill the infection unless he let them pull the teeth "right now."  (Amd Cmp (ACP) at 4:19.)  All three of them repeated that it goes against CDCR's policy to save teeth, even when they can be clearly saved.

In 2009 at Salinas Valley State Prison, Plaintiff was seen by a dental specialist and knew that the filling in tooth#29 must be removed and replaced.  When Plaintiff told this to Dr. Bruitt, Dr. P. Duong, and T. Franco, they again told him it is against CDCR policy to fix inmates' teeth, and they only pull teeth.  They refused to give Plaintiff antibiotics, clearly knowing that Plaintiff could lose all of his teeth, go permanently blind, and suffer pain.

On October 29, 2010, Plaintiff's case was turned over to the Dental Authorization Review Board, and on November 3, 2010, he was seen by Dr. A. Pounds.  Plaintiff's mouth, jaw, eye, and the whole right side of his face and mouth were swollen from the infection.  Dr. A. Pounds said that Plaintiff should have received antibiotics, but that usage of antibiotics should be discouraged as the risks would outweigh the benefits.  Dr. A. Pounds told Plaintiff that he did not meet the criteria for other treatment.

Plaintiff was never given any dental treatment or antibiotics.  The CDCR dentists all agreed to stick together and cause Plaintiff to go blind and lose all of his teeth.  Dr. A. Pounds did not order any treatment or antibiotics for Plaintiff on November 3, 2010.  It is humanly impossible for that to be the appropriate dental care.  Plaintiff was given no treatment, no pain medications, no heat compression, no hot water or salt water to soothe his gums, and no antibiotics for the infection.  This policy violates inmates' rights to dental care.  The Prison

---

[1] From this point forward in the ACP, Plaintiff refers the court to Exhibits A and B.  (ACP at 4:28, 5:28, 6:28, 7:28.)  However, no exhibits were submitted with the ACP.

Law Office and court-appointed dental experts audited the dental programs and made a copy of Plaintiff's dental records, knowing that "somebody dropp[ed] the ball." (ACP at 6:9-10.) CDCR dental staff will only perform root canals on the front eight teeth, and the other teeth are pulled out. Plaintiff filed a complaint and was denied antibiotics and forced to live in pain for nearly four years. This was done to Plaintiff because he is black. The CDCR clearly continues to violate established law by purposely inflicting pain and suffering upon Plaintiff.

At the Director's Level of review, reviewer L. Zamora acknowledged that Plaintiff did not receive any antibiotics or a root canal on September 15, 2010. Dr. A. Haggar, Dr. Duong, Dr. Prewitt, and Dr. A. Pounds, all dentists, agreed they could save Plaintiff's tooth#29 without a doubt, but Plaintiff must have a court order for CDCR to change the dental plan policy.

Plaintiff requests monetary damages and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff fails to state an Eighth Amendment medical claim against any of the named prison officials. While Plaintiff shows he had serious medical needs because of an oral infection, he fails to allege facts showing more than a difference of opinion about the appropriate treatment. Plaintiff and the dental providers disagreed about treatment. Plaintiff requested antibiotics to kill the infection and save his teeth, but dental providers examined him and offered instead to pull his teeth pursuant to the CDCR's policy. Plaintiff refused the treatment offered. These facts do not demonstrate that defendants acted, or failed to act, while knowing of and deliberately disregarding a substantial risk to Plaintiff's health.

The court found in its prior screening order that the prison's response to Plaintiff's appeal "indicated that dental staff acted within professional guidelines and policy." (Order, Doc. 8 at 3:20-21.) Plaintiff's evidence showed that "Plaintiff's request for antibiotics was denied by the dentist as there was no medical indication for antibiotics[;] Plaintiff's request for a root canal was denied by the dentist 'per policy and procedure'[of the Inmate Dental Services Program; and] Plaintiff's request for antibiotics was granted in that antibiotics would be prescribed when medically indicated." (Id. at 3:9-21.) This evidence contradicts Plaintiff's

claim that defendants deliberately disregarded Plaintiff's medical needs. At most, Plaintiff states a claim for negligence or medical malpractice, which is a state tort claim. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the First Amended Complaint, and therefore, Plaintiff's claim fails.

### B. Equal Protection

Plaintiff alleges that he was denied appropriate treatment for his oral infection because he is black. This allegation suggests a claim for violation of equal protection rights.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

///

///

### C. **First and Fourteenth Amendments**

Plaintiff alleges that Defendants violated his rights under the First and Fourteenth Amendments.

#### *First Amendment*

The First Amendment provides that, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

Plaintiff has not alleged facts demonstrating that his religious rights, right to freedom of speech, right to petition the government, or any other right under the First Amendment were violated by any of the Defendants. Therefore, Plaintiff fails to state a First Amendment claim.

#### *Fourteenth Amendment*

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of an interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff has not alleged facts demonstrating that he was subject to an action which entitled him to due process protections under federal law. Therefore, Plaintiff fails to state a claim for violation of due process under the Fourteenth Amendment.

///

///

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any Defendant. In this action, the court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the court. Plaintiff was advised in the court's prior screening order that he "must allege facts indicating that each Defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff [and] . . . must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm." (Order, Doc. 8 at 5:9-16.) Nonetheless, Plaintiff fails to state a cognizable Eighth Amendment medical claim in the First Amended Complaint.

Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 26, 2014**          **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE